﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 190711-20439
DATE: May 29, 2020

REMANDED

Service connection for peripheral neuropathy of the bilateral upper and lower extremities, due to exposure to herbicide agents is remanded.

REASONS FOR REMAND

The Veteran served on active duty from November 1969 to March 1977, including service in the Republic of Vietnam. His decorations include the Vietnam Service Medal, Vietnam Campaign Medal, and the RVN Combat Action Ribbon.

This matter comes to the Board of Veterans’ Appeals (Board) on appeal from a September 2012 rating decision issued by a Department of Veterans Affairs (VA) Regional Office.

In April 2017, the Veteran testified at hearing before a Veterans Law Judge (VLJ). A transcript is of record.

This case was previously before the Board in August 2018, when it was remanded to the agency of original jurisdiction (AOJ) for additional development. After taking further action, the AOJ confirmed and continued the prior denial and returned the case to the Board. 

The Appeals Modernization Act (AMA) allows VA claimants to opt into the modernized review system by requesting review of a statement of the case (SOC) or supplemental SOC (SSOC) issued on or after February 19, 2019, if the opt-in is received within one year of the date of the notification of the underlying rating decision, or 60 days from the issuance of the SOC, whichever is later. Here, the Veteran elected to appeal the above-listed issue to the Board via the modernized appeal system in July 2019 after receiving a June 2019 SSOC. See July 2019 Notice of Disagreement (VA Form 10182). He requested that evidence he submitted within 90 days of his NOD be reviewed by a Veterans Law Judge. 38 C.F.R. § 20.202(b)(1).

Service connection for peripheral neuropathy is remanded.

Although the Board sincerely regrets the additional delay, a remand is necessary to ensure that there is a complete record upon which to decide the Veteran’s claim and to afford him every possible consideration.

The United States Court of Appeals for Veterans Claims (Court) has held “that a remand by this Court or the Board confers on the veteran or other claimant, as a matter of law, a right to compliance with the remand orders.” Stegall v. West, 11 Vet. App. 268, 271 (1998). As such, compliance with the terms of the remand is necessary prior to further appellate review, and if not, “the Board itself errs in failing to ensure compliance.” Id. 

In August 2018, the Board remanded the Veteran’s claim in order to obtain an opinion as to whether Veteran’s peripheral neuropathy had its onset in service or within a year of service discharge or was otherwise etiologically related to active service, to include as the result of his presumed exposure to herbicide as well as his exposure to fuel, battery acids, or organic solvent.

The Board finds the examiner’s opinion to be inadequate as it did not address whether the Veteran’s peripheral neuropathy was related to his service on a direct basis, nor did it address the Board’s remand instructions which asked the examiner to opine as to whether the Veteran’s peripheral neuropathy was related to his exposure to fuel, battery acids, or organic solvent. A remand is needed in order to ensure compliance with the Board’s previous remand instructions. See Id.

The matter is REMANDED for the following action:

Ask the appropriate examiner to review the Veteran’s file. The necessity of an in-person examination is left to the discretion of the examiner.

After examining the Veteran, if required, and reviewing the record, together with the results of any testing deemed necessary, the examiner should offer an opinion as to whether it is at least as likely as not (i.e., whether it is 50 percent or more probable) that the Veteran’s peripheral neuropathy of the bilateral upper and lower extremities had its onset in, or is otherwise attributable to, the Veteran’s period of active service, to include in-service exposure to herbicide agents, fuel, battery acids, and organic solvents.

The examiner must opine as to whether it is at least as likely as not (i.e., whether it is 50 percent or more probable) that the Veteran’s peripheral neuropathy of the bilateral upper and lower extremities is attributable to other circumstances of his service.

In so doing, the examiner should discuss the Veteran’s testimony that he first noticed numbness and tingling in his hands, legs, and feet, in service after carrying 200 pounds of equipment in Vietnam. See April 2017 Hearing Testimony.

The examiner is also asked to consider the private opinions of record and whether the Veteran has any other risk factors that would account for his current diagnoses. See April 2017, May 2019, and September 2019 Private Medical Opinions.

A complete medical rationale for all opinions expressed must be provided and that simply because the condition was not manifested within the presumptive time frame is not adequate rationale, the examiner must address the Veteran’s specific medical history. Cf. Polovick v. Shinseki, 23 Vet. App. 48, 54 (2009).

If the examiner cannot provide an opinion without resorting to mere speculation, provide an explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or the limits of current medical knowledge with respect to the question 

 

SHEREEN M. MARCUS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Gandhi, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.